**FILED**

APR 2 9 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Alan Colter, )
)
             Plaintiff, )
)
         v. )     Civil Action No.  **09 0777**
)
Third District Police Department, *et al.*, )
)
           Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this action against two detectives of Metropolitan Police Department , two attorneys with the Public Defender Service, an attorney with whom he consulted in December 2008, two judges and one magistrate of the Superior Court of the District of Columbia, and an Assistant United States Attorney for their actions in bringing about the search of his apartment on May 17, 2008, his arrest on a charge of assault with intent to kill and, presumably, his current incarceration. He alleges that defendants have conspired to violate and otherwise have violated rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution. In this action, plaintiff seeks to hold all the defendants criminally responsible under 18 U.S.C. §§ 241, 242. In addition, he alleges that the detectives violated 18 U.S.C. § 1623 by making false declarations to the Superior Court in order to obtain a search warrant.

The Court dismisses the complaint under 28 U.S.C. 1915A(b)(1) because it fails to state

a claim upon which relief can be granted. There is no private right of action under these criminal statutes. *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *see also Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005) (rejecting *pro se* plaintiff's assertion that subject matter jurisdiction exists pursuant to criminal statutes).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: April 20, 2009